IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP,       )<br>                                    )<br>        Plaintiff,                 )<br>                                    )<br>    vs.                             )<br>                                    )<br>RODERICK Q. HICKMAN, et al,        )<br>                                    )<br>        Defendants.                 )<br>_____  ) | No. C 06-0413 JSW (PR)<br><br>**ORDER OF TRANSFER** |

    Plaintiff is a state prisoner currently incarcerated at Salinas Valley State Prison, located in Soledad, California, within the venue of the United States District Court for the Northern District of California. He filed this civil rights action in the United States District Court for the Eastern District of California on December 12, 2005, complaining of violations of his civil rights while incarcerated at Mule Creek State Prison, located in Ione, California. On December 29, 2005, this matter was transferred to the United States District Court for the Northern District of California. On January 9, 2006, Plaintiff responded to the order of transfer in the form of a letter to the United States District Court for the Eastern District, which was forwarded to this Court. In his letter, Plaintiff points out that the allegations in the complaint refer to Defendants who reside and conduct that occurred at Mule Creek State Prison in Amador County, within the venue of the United States District Court for the Eastern District of California.

    After this Court's review of the complaint, it appears that Plaintiff's complaint was indeed filed in the proper district. When jurisdiction is not founded solely on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the

events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Where a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a). Venue may be raised by the court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir. 1986).

Plaintiff alleges events occurring and Defendants residing in Amador County, within the venue of the Eastern District of California. *See* 28 U.S.C. § 84. Therefore, the Court will transfer this action back to the United States District Court for the Eastern District of California. Accordingly, IT IS ORDERED in the interest of justice, and pursuant to 28 U.S.C. § 1406(a), that this action be TRANSFERRED to the United States District Court for the Eastern District of California. The Clerk of the Court shall transfer this matter forthwith.

IT IS SO ORDERED.

DATED: February 16, 2006

JEFFREY S. WHITE
United States District Judge